### State v. Friend
*[Cite as 4 AOA 422]*

*Case No. 89AP-1309*
*Franklin County, (10th)*
*Decided June 26, 1990*

*Mr. Ronald J. O'Brien, City Attorney, Mr. James J. Fais and Mr. Thomas K. Lindsey, for Appellee.*

*Ms. Suzanne M. Stasiewicz, for Appellant.*

KOEHLER, J.

Defendant, Sandra K. Friend, failed to control her motor vehicle resulting in an accident on July 24, 1987. Defendant subsequently entered into an agreement with Grange Mutual Casualty Company to pay for damages incurred by Stephen Bull due to the above accident. Grange Mutual filed this agreed judgment, pursuant to R.C. 4509.37, with the Bureau of Motor Vehicles. On March 11, 1988, defendant's license was suspended due to her failure to have insurance coverage at the time of said collision.

On August 17, 1989, defendant was cited under R.C. 4507.02 for operating a motor vehicle while her driver's license was suspended per R.C. Chapter 4509. However, there was no indication of property damage or any other violation on such date.

Defendant pled guilty and was sentenced on October 5, 1989. The trial court imposed a one hundred eighty-day jail term, suspended for five year's probation. The conditions of the probation required defendant to pay all court costs by November 3, 1989, have no further violations during her probation period, and to pay all damages as agreed with Grange Mutual regarding the July 24, 1987 accident.

Defendant now brings the instant appeal setting forth the following assignment of error:

"The trial court abused its discretion in ordering the defendant to repay the Grange Insurance Company as a condition of her probation."

Defendant asserts that, although a trial court has great discretion in determining the terms of probation, it is error for a court to require an order of restitution for property damage unrelated to the incident before the court and in excess of the fines permitted by statute. We agree.

R.C. 2951.02(C), concerning the conditions for probation, states, in pertinent part:

"* * * In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender, including, but not limited to, requiring the *offender to make restitution for all or part of the property damage that is caused by his offense* and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed. * * *" (Emphasis added.)

Both statutes relate to the sentencing phase of a criminal proceeding whereby the defendant has been convicted. However, this restitution is

limited to making the victim of a property offense or crime whole.

Restitution can be ordered only for those acts which constitute the crime for which the defendant was convicted and sentenced. *State* v. *Irvin* (1987), 39 Ohio App. 3d 12; *State* v. *Williams* (1986), 34 Ohio App. 3d 33. In *Irvin, supra,* the Clinton County Court of Appeals in interpreting the felony penalty statute, R.C. 2929.11, stated:

"Under R.C. 2929.11(E), '* * * the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted. * * *' *State* v. *Williams* (1986), 34 Ohio App. 3d 33, 516 N.E. 2d 1270, paragraph one of the syllabus." *Id.* at 13.

The restitution provision in either the felony, misdemeanor and/or probation contexts, mandates identical procedures with respect to orders of restitution. All of these restitution statutes provide that the offender and/or probationer "make restitution for all or part of the property damage that is caused by his offense." Therefore, restitution may be ordered against a criminal defendant only for those acts convicted for and sentenced to, which relate to property damage from the offense.

In the case *sub judice,* defendant, in connection with the prior traffic accident, agreed to pay the amount of $9,968.75 for damages sustained by the injured party, through an installment agreement signed on December 30, 1987 with Grange Mutual. Defendant apparently entered into this agreement due to her failure to have the minimum required automobile insurance at the time of the accident for which she was liable. Subsequently, defendant was cited for operating a motor vehicle while her driver's license was suspended. In turn, she pled guilty and was sentenced.

The court below, as part of defendant's probation, ordered her to pay the existing obligation of over $9,000, even though it was a separate offense well apart from the present conviction for driving while under suspension. This condition of defendant's probation is error, since a separate distinct act, which is unrelated to the crime defendant was convicted and sentenced for, cannot form the basis of a restitution order.

Further, for an order of restitution pursuant to R.C. 2929.21(E) to be proper, property damage as a result of the offense or crime charged must have occurred. In this instance, defendant clearly had not caused damage to the property of Grange Mutual, the holder of the installment agreement, which the court seeks to enforce through restitution, since driving while under suspension does not involve a victim of a property offense. See *State* v. *Orr* (1985), 26 Ohio App. 3d 24.

R.C. 2951.02(C) governs the conditions a court may impose when granting probation. Additional restrictions in the direction of the court may be provided for "* * * [i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior. * * *" R.C. 2951.02(C). However, a trial court is not permitted to add probation conditions which prejudice the defendant or have no basis in law.

In *State* v. *Livingston* (1976), 53 Ohio App. 2d 195, the Lucas County Court of Appeals proclaimed:

"In exercising a recognized broad discretion in setting additional conditions of probation, the trial court is not free to impose arbitrary conditions that significantly burden the defendant in the exercise of her liberty and bearing only a remote relationship to the crime for which she was convicted and to the objectives sought by probation of education and rehabilitation.

"The courts' discretion in dictating conditions of probation is not limitless. * * *" *Id.* at 196.

The court is *Livingston* also held:

"A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality or does not serve the statutory ends of probation is invalid. * * *" *Id.* at 197. See, also, *State* v. *Maynard* (1988), 47 Ohio App. 3d 76; *Lakewood* v. *Davies* (1987), 35 Ohio App. 3d 107.

Accordingly, in the present case, the trial court abused its discretion by arbitrarily imposing payment in full of a settlement agreement for over $9,000 on defendant for a different and separate incident as a condition of her probation. The enforcement of the settlement agreement between defendant and Grange Mutual is a matter of civil process, rather than through a criminal proceeding, since defendant cannot properly protect her rights 'with respect to the civil matter in this criminal or probationary context.

We find that the payment of the settlement agreement to Grange Mutual as a condition of defendant's probation bears no relationship to the crime committed or to any future criminality. Therefore, the trial court imposed an unreasonable condition of probation and, accordingly, we find defendant's assignment of error well-taken.

Defendant's assignment of error is sustained. The judgment of the trial court is modified by eliminating the condition of probation requiring

defendant to pay in full the existing obligation owed to Grange Mutual.

> *Judgment modified and*
> *cause remanded.*

BOWMAN and YOUNG, JJ., concur.
KOEHLER, J., of the Twelfth Appellate District, sitting by assignment in the Tenth Appellate District.