The STATE of Ohio, Appellee,

v.

HOOKS, Appellant.

[Cite as *State v. Hooks* (2000), 135 Ohio App.3d 746.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–119.

Decided Jan. 20, 2000.

*Ron O'Brien,* Franklin County Prosecuting Attorney, *Susan E. Day* and *Joseph Garber,* Assistant Prosecuting Attorneys, for appellee.

*Tyack, Blackmore & Liston* and *Thomas M. Tyack,* for appellant.

KENNEDY, Judge.

Defendant-appellant, Loretta C. Hooks, appeals the judgment of the Franklin County Court of Common Pleas convicting appellant of seven counts of tampering with records. In particular, appellant challenges the trial court's order requiring appellant to pay restitution in the amount of $28,000 to the Ohio State Board of Cosmetology. For the reasons that follow, we reverse.

On January 7, 1998, appellant was indicted on twelve counts (counts one through twelve) of tampering with records in violation of R.C. 2913.42 and one count (count thirteen) of bribery in violation of R.C. 2921.02. All counts related to appellant's activities as an exam-grading clerk with the Ohio State Board of Cosmetology ("board") in which appellant altered (i.e., raised) test scores for certain applicants seeking cosmetology licenses from the board. On July 24, 1998, appellant pleaded guilty to counts one through seven, in exchange for a *nolle prosequi* on the remaining counts of the indictment.

On January 8, 1999, the trial court conducted a sentencing hearing. At this hearing, the state presented evidence concerning certain expenses incurred by the board as a result of appellant's conduct. In particular, David Williamson, executive director of the board, testified that the board was required to conduct an audit of the records of approximately seven thousand five hundred licensees who had received manicurist licenses during the relevant period of appellant's tenure, as exam-grading clerk and that this audit revealed two hundred sixteen licensees whose test scores had been altered. Williamson further testified that the board was required to conduct administrative hearings pursuant to R.C. Chapter 119 before revoking any license as to these two hundred sixteen licensees and that, at the time of appellant's sentencing hearing, the cost of conducting these exams had reached $28,000.

By judgment entry filed January 14, 1999, the trial court found appellant guilty of seven counts of tampering with records and sentenced appellant to five years of community control and a $2,500 fine for each conviction, for a total fine of $17,500. The trial court also ordered that appellant pay restitution in the amount of $28,000 to the board and that, upon payment of such restitution, the fine would be reduced to a total of $1,000. It is from this judgment entry that appellant timely appeals, raising the following single assignment of error:

"The trial court erred in ordering the defendant to pay restitution in the sum of $28,000.00 to the Ohio State Board of Cosmetology where the evidence presented did not demonstrate that these costs were losses incurred by the Ohio State Board of Cosmetology for the specific criminal conduct of which the defendant was convicted in counts one through seven of the indictment."

In her single assignment of error, appellant challenges the validity of the trial court's restitution order. R.C. 2929.18(A), which governs a sentencing court's authority to order restitution, provides that a trial court imposing a sentence for a felony conviction may sentence the offender to any financial sanction or combination of financial sanctions authorized by law. R.C. 2929.18(A) further provides that:

"Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

"(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."

Under these provisions, restitution is limited to the economic loss caused by the defendant's illegal conduct for which she was convicted. *State v. Brumback* (1996), 109 Ohio App.3d 65, 82, 671 N.E.2d 1064, 1074–1075. Thus, restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced. *State v. Friend* (1990), 68 Ohio App.3d 241, 243, 587 N.E.2d 975, 976–977. Moreover, there must be sufficient evidence in the record from which the court can ascertain the amount of restitution to a reasonable degree of certainty. *Brumback* at 83, 671 N.E.2d at 1075–1076.

Appellant contends that the evidence presented at the sentencing hearing, as to the expenses incurred by the board for conducting the required administrative hearings, did not correlate to the seven specific counts of tampering with records to which appellant pleaded guilty. In particular, appellant notes that the record demonstrates that the alleged costs incurred, primarily court reporter and attorney hearing officer fees, related to all one hundred forty separate administrative hearings conducted prior to the date of the sentencing hearing. Appellant further notes that Executive Director Williamson conceded that he could not correlate any of those hearings to the specific seven licensees whose records appellant pleaded guilty to tampering. According to appellant, only damages directly related to the crimes for which appellant pleaded guilty (*i.e.*, the seven incidents of tampering with records) can be imposed under the law.

The state contends that requiring appellant to reimburse the state for costs of revoking licenses issued because she altered the test scores is a reasonable order of restitution. According to the state, the charges of which appellant was convicted allege a course of conduct over a period of time. We disagree.

The indictment alleged only twelve separate violations of R.C 2913.42. Of these, appellant pleaded guilty to seven. The trial court, however, ordered restitution for all one hundred forty administrative hearings that had been conducted prior to the sentencing hearing. As such, the trial court imposed restitution costs as to criminal conduct for which appellant was never convicted. "[A] sentencing court cannot order a defendant to pay restitution for a crime for which he was not convicted." *State v. Carosella* (June 25, 1999), Mahoning App. No. 97 CA 46, unreported, 1999 WL 439027 (defendant who was convicted of stealing $400 can be ordered to repay only this amount, even if evidence showed

that victim suffered a greater financial loss); see, also, *Friend* (restitution order requiring payment of pre-existing obligation was invalid because it did not relate to defendant's present conviction for driving while under suspension).

As such, we find appellant's single assignment of error to be well taken.

We also find that the trial court's order of restitution is invalid for a more fundamental reason—the trial court had no statutory authority to order restitution in this case. As this court has recently held, restitution under R.C. 2929.18(A)(1), as further defined and modified by R.C. 2929.01(N), 2929.01(G) and 2743.51, is a statutorily valid sanction only to compensate victims for crimes that pose the threat of personal injury or death. *State v. Kimmle* (Dec. 21, 1999), Franklin App. No. 99AP–435, unreported, 1999 WL 1221523.[1] Clearly, under the facts of this case, appellant's offenses of tampering with records did not pose a threat of bodily injury or death within the meaning of the relevant statutes. Because a sentence not authorized by statute is void, we raise this error *sua sponte* and find that the trial court's restitution order is also invalid on this separate, independent basis. See *State v. Bruce* (1994), 95 Ohio App.3d 169, 174, 642 N.E.2d 12, 15.

Appellant's assignment of error is sustained, and the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

> *Judgment reversed*
> *and cause remanded.*

PETREE and DESHLER, JJ., concur.

---

1. As noted by this court in *Kimmle,* the General Assembly has recently passed legislation, Am.Sub.S.B. No. 107, to allow restitution for crimes not necessarily involving bodily injury or death. On December 22, 1999, the Governor signed this legislation.