The STATE of Ohio, Appellee,

v.

HAFER, Appellant.

[Cite as *State v. Hafer* (2001), 144 Ohio App.3d 345.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 00CA25.

Decided June 19, 2001.

*John L. Detty,* for appellee.

*William C. Martin,* for appellant.

KLINE, Judge.

■ Richard L. Hafer appeals the trial court's order requiring him to pay restitution in the amount of $8,103.40 as part of his sentence for receiving stolen property. Hafer contends that part of the victim's damages are attributable to the vandalism charge against him, and that the trial court improperly ordered him to pay those damages even though he was not convicted of vandalism. Because the parties stipulate that $1,742.10 of the damages are attributable to the vandalism charge, and because restitution is limited to the actual loss caused by the offender's illegal conduct for which he was convicted, we agree. Accordingly, we reverse that portion of the judgment of the trial court.

## I

The Jackson County Grand Jury indicted Hafer on one count of receiving stolen property in violation of R.C. 2913.51, one count of burglary in violation of R.C. 2911.12, and one count of vandalism in violation of R.C. 2909.05. Pursuant to a plea agreement with the state, Hafer pled guilty to the charge for receiving stolen property, and the state dismissed the counts for burglary and vandalism. The plea agreement did not include an agreement regarding recommended sentencing or restitution.

At the sentencing hearing, the court indicated that it had reviewed the probation officer's presentence investigation report. The presentence investigation report provided that "[r]egarding restitution, [the victim] has furnished the following figures: $9,674.30 lost in theft of property; $1,742.10 amount of repairs to cabin for a total loss of $11,416.40; $3,313.00 in stolen property was recovered * * *."

The total loss attributable to theft, $9,674.30, minus the value of the stolen property recovered, $3,313.00, resulted in a net loss attributable to theft of $6,361.30. The trial court ordered Hafer to pay restitution in the amount of $8,103.40. This figure represents the total net loss of $11,416.40 minus the value of the stolen property recovered, $3,313.00.

Hafer appeals the restitution order, asserting the following assignment of error:

"The trial court erred in ordering restitution in its sentencing order for economic loss properly attributable to a crime of which the defendant was not convicted."

## II

Hafer asserts that the trial court erred in ordering him to pay restitution for damages attributable to vandalism. The state contends that, although Hafer was not convicted of vandalism, the trial court had the authority to order him to pay restitution because he was charged with vandalism.

R.C. 2929.18(A), which governs a sentencing court's authority to order restitution, provides that a trial court imposing a sentence for a felony conviction may sentence the offender to any financial sanction or combination of financial sanctions authorized by law. R.C. 2929.18(A) further provides:

"Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

"(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."

In *State v. Sutherland* (Aug. 15, 1997), Greene App. No. 97CA25, unreported, 1997 WL 464788, upon which both parties relied in their briefs, Sutherland and a codefendant allegedly broke into, set fire to, and vandalized a community sports center and a church. Sutherland was charged with arson for the fire at the sports center but not for the fire at the church. The trial court ordered restitution that included damages from both fires. The appellate court reversed, finding that the trial court did not have discretion to order restitution for the fire damage to the church.

The state contends that this case is distinguishable from *Sutherland* because Hafer was charged with vandalism, whereas the *Sutherland* defendant was not charged with arson at the church. We disagree.

 The presumption of innocence of the accused in a criminal prosecution is a basic component of our criminal justice system. *Coffin v. United States* (1895), 156 U.S. 432, 453, 15 S.Ct. 394, 402–403, 39 L.Ed. 481, 491; *State v. Lane* (1979), 60 Ohio St.2d 112, 115, 14 O.O.3d 342, 344–345, 397 N.E.2d 1338, 1340–1341. Hence, the punishment imposed must be confined to those charges of which the accused is convicted. More specifically, a sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted. *State v. Hooks* (2000), 135 Ohio App.3d 746, 748, 735 N.E.2d 523, 524, citing *State v. Brumback* (1996), 109 Ohio App.3d 65, 82, 671 N.E.2d 1064, 1074–1075; see, also, *State v. Warner* (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18, 52–53. "Thus, restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced." *Hooks* at 748, 735 N.E.2d at 525, citing *State v. Friend* (1990), 68 Ohio App.3d 241, 243, 587 N.E.2d 975, 976–977. A trial court abuses its discretion when it orders restitution in an amount that has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense for which he was convicted. See *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270, 1271–1272; *Hooks* at 748, 735 N.E.2d at 524.

In *Hooks,* the defendant was charged with twelve counts of tampering with records and one count of bribery. Pursuant to a plea agreement, the defendant pled guilty to seven counts of tampering in exchange for a *nolle prosequi* of the remaining tampering counts and the bribery count. The trial court ordered the defendant to pay restitution covering the entire amount of damages the victim sustained due to all twelve tampering counts and the bribery count. The appellate court reversed, finding that the trial court erroneously imposed restitution costs as to criminal conduct for which appellant was never convicted.[1] *Hooks* at 749, 735 N.E.2d at 525.

---

1. The *Hooks* court went on to reverse the entire restitution sentence on other grounds.

In this case, the parties agree that the restitution order the trial court imposed upon Hafer is based in part upon conduct for which Hafer was charged, but not convicted. Our criminal justice system does not permit the courts to impose sentences for crimes charged but not proven beyond a reasonable doubt. For this reason, we find that the trial court abused its discretion by sentencing Hafer to pay restitution for damages arising from the vandalism charge. Accordingly, we reverse the sentence entered by the trial court and remand this case for resentencing consistent with this opinion.

*Judgment reversed in part*
*and cause remanded.*

PETER B. ABELE, P.J., and HARSHA, J., concur.