OPINION
Defendant-appellant Levesta Stokes appeals from the May 22, 2001, Journal Entries of the Holmes County Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 19, 2001, appellant was charged with one count of aggravated menacing in violation of R.C. 2903.21(A), one count of telecommunications harassment in violation of R.C. 2917.21(A)(3), and three counts of telecommunications harassment in violation of 2917.21(B), all misdemeanors of the first degree.
Thereafter, on April 17, 2001, appellant entered a plea of guilty to one count each of aggravated menacing in violation of R.C. 2903.21(A) and telecommunications harassment in violation of R.C. 2917.21(A)(3), both first degree misdemeanors. The remaining counts were nolled. Following a presentence investigation, appellant was fined $200.00 and ordered to pay court costs on both charges. In addition, appellant was sentenced to an aggregate jail sentence of 360 days. However, the trial court suspended appellant's jail sentence with respect to both charges and placed appellant on probation for a period of three years. As part of his probation, appellant was ordered, in part, to "make restitution for car 1,200 w/in 60 days." See Trial Court's May 22, 2001, Sentencing Entries.
It is from the trial court's May 22, 2001, Journal Entries that appellant now prosecutes his appeal, rising the following assignment of error:
 THE TRIAL COURT ERRED BY ORDERING APPELLANT TO PAY RESTITUTION IN THE CASE ABOVE WHICH AROSE OUT OF AN ALLEGED SEPARATE CRIMINAL ACT WHICH APPELLANT WAS NEVER CHARGED IN ANOTHER JURISDICTION.
 I
Appellant, in his sole assignment of error, argues that the trial court erred in ordering appellant to pay restitution in the amount of $1,200.00 for property damage unrelated to the charges before the trial court. We concur.
As is stated above, appellant pleaded guilty to one count each of aggravated menacing and telecommunications harassment. At the May 22, 2001, sentencing hearing, the trial court, as part of appellant's sentence, ordered appellant to make restitution in the amount of $1,200.00 within sixty days. The following is an excerpt from the sentencing hearing:
 BY MR. DOUGLAS: May I inquire as to the nature of the restitution?
BY THE COURT: For damage to the victim's car.
 BY MR. DOUGLAS: To my knowledge, Your Honor, there are no charges for which he was convicted had anything to do with an automobile. Was that part of the Pre-sentence, Your Honor?
BY THE COURT: Yes, make restitution.
Transcript of hearing at 6.
R.C. 2951.02 states, in relevant part, as follows:
 (C)(1) When an offender who has been convicted of or pleaded guilty to a misdemeanor is placed on probation or the sentence of that type of offender otherwise is suspended pursuant to division (A) of section 2929.51
of the Revised Code, the probation or other suspension shall be at least on condition that, during the period of probation or other suspension, the offender shall abide by the law and shall not leave the state without the permission of the court or the offender's probation officer. In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender. Compliance with the additional requirements imposed under this division also shall be a condition of the offender's probation or other suspension. The additional requirements so imposed may include, but shall not be limited to, any of the following:
 (a) A requirement that the offender make restitution pursuant to section 2929.21 of the Revised Code for all or part of the property damage that is caused by the offender's offense and for all or part of the value of the property that is the subject of any theft offense that the offender committed;
R.C. 2929.21, which is referenced in the above statute, states in paragraph (E) that a trial court "may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by the offense and for all or part of the value of the property that is the subject of any theft offense. . ." (Emphasis added). Restitution, therefore, can be ordered only for those acts which constitute the crime for which the defendant was convicted and sentenced. See State v. Friend (1990), 68 Ohio App.3d 241 and State v.Hooks (2000), 135 Ohio App.3d 746.
In the case sub judice, there is no evidence, nor does appellee allege, that the $1,200.00 in restitution ordered by the trial court bears any relationship to the aggravated menacing and telecommunications harassment charges for which appellant was convicted. In short, the trial court imposed restitution costs as to criminal conduct for which appellant was never convicted.[1] See Hooks, supra., at 749. We find, therefore, that the trial court erred in ordering appellant to pay $1,200.00 in restitution in this matter.
Appellant's sole assignment of error is, therefore, sustained.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the May 22, 2001, Judgment of the Holmes County Court is vacated as to the condition of probation requiring appellant to pay $1,200.00 in restitution. Costs to appellee.
Hon. Julie Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John Boggins, J. concurs.
[1] Appellant, in his brief, concedes that he was questioned about his knowledge of vandalism of a vehicle belonging to one of his former friends. While the alleged vandalism occurred at or about the same time as the incidents resulting in the menacing and telecommunications charges, appellant was never charged with vandalism.