OPINION
{¶ 1} On April 30, 2002, this Court issued an order granting Allan R. Moore's ("Appellant") application to reopen his appeal as provided by Rule 26(B) of the Rules of Appellate Procedure. Appellant raises two issues in his reopened appeal. Appellant argues first that the restitution order directing him to pay the victim $4,500.00 was improper. Second, Appellant maintains that the parole board lacked authority to subject him to one year of post-release control. As we detail in the discussion that follows, the restitution order issued by the Carroll County Adult Probation Department is improper and must be vacated. While Appellant is correct with respect to his argument on post release control, this issue is clearly moot.
 {¶ 2} The facts underpinning this case were detailed extensively in our initial decision resolving this appeal (see State v. Moore (Nov. 7, 2001), 7th Dist. No. 00AP0741), and will only be discussed here to the extent necessary.
 {¶ 3} Appellant was charged with breaking and entering and theft of an item between $500 and $4,500, both of which are felonies. The matter proceeded to trial and concluded with a jury verdict of guilty on the breaking and entering count, a fifth degree felony. With respect to the theft charge, the jury concluded that the value of the items taken were below $500 and that Appellant was guilty of only misdemeanor theft.
 {¶ 4} The trial court sentenced Appellant on August 8, 2000, to concurrent terms of six months of incarceration for the theft and eleven months on the breaking and entering charge. The court then delegated to the county adult probation department the task of calculating court costs and any restitution to be imposed. (Tr. p. 326). At no time during the trial court proceedings did the court advise Appellant that the Adult Parole Authority might impose upon him a post-release control sanction lasting anywhere from one to three years following the completion of his prison term.
 {¶ 5} On October 16, 2000, after Appellant filed his timely notice of appeal in this Court, the Probation Department assessed restitution in the amount of $4,500.00. (PRC Results Notification, October 16, 2000). Upon Appellant's release from prison in July of 2001, he learned for the first time that he was subject to one year of post-release control.
 {¶ 6} This Court affirmed Appellant's conviction and sentence on November 7, 2001, but subsequently granted his application to reopen his Appeal under App.R. 26(B).
 {¶ 7} In his first supplemental assignment of error, Appellant contends the following:
 {¶ 8} "The trial court erred in ordering Allan Moore to pay $4,500.00 in restitution, an amount exclusively determined by the Carroll County Adult Probation Department. (Tr. 326, Aug. 9, 2000 Judgment Entry, Oct. 16, 2000 PRC Results Notification)."
 {¶ 9} Appellant complains that the restitution order in this case was improper. Specifically, Appellant maintains that the trial court violated his right to due process when it delegated to the probation department a final determination with respect to the amount of restitution Appellant should pay. Appellant further contends that the amount of restitution in this case was excessive and inconsistent with the facts presented at trial. Although Appellee counters that there was evidence presented to support the probation department's conclusion that the victim suffered a loss of $4,500.00, based on the record herein, we must disagree.
 {¶ 10} Initially, it was improper for the trial court to delegate to the probation department the task of determining the amount of restitution owed. R.C. § 2929.18(A) authorizes the trial court to order restitution when imposing sentence upon an offender for a felony conviction. R.C. § 2929.18(A)(1) further directs that,
 {¶ 11} "* * * The court shall order that the restitution be made to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court, except that it may include a requirement that reimbursement be made to third parties for amounts paid to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense."
 {¶ 12} The analogous provision for misdemeanor convictions, R.C. § 2929.21(E), provides in relevant part as follows:
 {¶ 13} "The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by the offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed. * * *."
 {¶ 14} Both provisions explicitly authorize the trial court, not the probation department, to ascertain the amount of restitution owed. Neither provision allows the trial court to delegate that authority to the probation department or any other agency. Its decision to do so in this case was improper.
 {¶ 15} The legislature also requires the trial court to calculate the amount of restitution owed based on the economic loss to the victim resulting from the defendant's crimes. R.C. § 2929.18(A)(1). Our judicial system confines the punishment of an offender to those acts for which he has been convicted. A sentence of restitution, which indisputably amounts to punishment, must be limited to the actual economic loss resulting from the crimes for which the defendant was convicted. State v. Hafer (2001), 144 Ohio App.3d 345, 348, 760 N.E.2d 56; citing State v. Hooks (2000), 135 Ohio App.3d 746, 748, 735 N.E.2d 523;State v. Brumback (1996), 109 Ohio App.3d 65, 82, 671 N.E.2d 1064; andState v. Warner (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18.
 {¶ 16} Accordingly, a trial court exceeds its authority when it orders restitution in an amount that does not bear a reasonable relationship to the actual loss suffered as a result of the offense for which a defendant was convicted. State v. Williams (1986),34 Ohio App.3d 33, 34, 516 N.E.2d 1270. This Court, as well, has held that assessing restitution against a defendant for a crime that does not result in a conviction is arbitrary, unreasonable and violates that defendant's right to due process. See State v. Carosella (June 25, 1999), 7th Dist. No. 97-CA-46; and State v. Barnes, 3rd Dist. No. 5-01-40, 2002-Ohio-1025.
 {¶ 17} In the instant case, Appellant was convicted of breaking and entering and misdemeanor theft after a jury found that he carried off a significant quantity of old foundation or "barn" stone from an abandoned farmhouse without the owner's permission. The property owner testified that the barn stone taken had a value, "way over $500.00." (Tr. p. 154). Nevertheless, she could barely describe the size, shape or quantity of the stones, let alone substantiate her vague appraisal.
 {¶ 18} Appellee insists that the evidence supported the department's $4,500.00 assessment, directing this Court to testimony from the accounting manager of a local stone supplier who purchased a great deal of barn stone from Appellant between November 24, 1999, and January 12, 2000. (Tr. pp. 132-139). The record reflects, however, that the stones at issue were stolen sometime between January 1, 2000, and January 10, 2000. Consequently, most of the stone that Appellant sold to the local supplier apparently did not belong to the victim and cannot be used to enhance the restitution calculation.
 {¶ 19} The jury apparently agreed with this conclusion. Appellant was convicted of stealing less than $500.00 worth of barn stone. In concluding that Appellant was guilty of misdemeanor theft, the jury essentially acquitted Appellant of the felony theft charge. Consequently, the probation department's $4,500.00 assessment punished Appellant for conduct he was acquitted of committing. The Fourteenth Amendment of the Constitution forbids such a practice. We must then vacate this portion of Appellant's sentence.
 {¶ 20} In his second supplemental assignment of error, Appellant maintains that,
 {¶ 21} "The parole board lacked jurisdiction to place Allan Moore on one-year post release control. (Tr. 326-327, Aug. 9, 2000 Judgment Entry, Oct. 16, 2000 PRC Results Notification)."
 {¶ 22} As noted above, the trial court sentenced Appellant to eleven months of imprisonment on the felony breaking and entering charge to be served concurrently with the six-month term he received for the misdemeanor theft. Under R.C. § 2929.19, as it existed at the time, in the event the trial court concludes that a term of imprisonment is warranted, it must notify the offender of the fact that a period of post-release control may be imposed following his release from imprisonment. R.C. § 2929.19 (B)(3)(d). Further, the trial court must advise the offender of the following:
 {¶ 23} "* * * if a period of post-release control is imposed following the offender's release from prison * * * and if the offender violates a post-release control sanction imposed as a component of the post-release control * * * all of the following apply:
 {¶ 24} "(i) The adult parole authority or the parole board may impose a more restrictive post-release control sanction.
 {¶ 25} "(ii) The parole board may increase the duration of the post-release control subject to a specified maximum.
 {¶ 26} "(iii) The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon the offender.
 {¶ 27} "(iv) If the violation of the sanction is a felony, the offender may be prosecuted for the felony and, in addition to any sentence it imposes on the offender for the new felony, the court may impose a prison term, subject to a specified maximum, for the violation." R.C. § 2929.19(B)(3)(e).
 {¶ 28} A review of the sentencing hearing reflects that the above referenced admonitions were not given in this case. The trial court's failure in this regard was erroneous. State v. Morrissey (Dec. 18, 2000), 8th Dist. No. 77179. Nevertheless, the issue is moot in light of the current status of this case.
 {¶ 29} The Ohio Supreme Court has held that whether or not a defendant has served his entire sentence for a felony conviction, his appeal of the conviction itself does not become moot because of the obvious civil disabilities that occur once the offender is labeled a "felon." State v. Golston (1994), 71 Ohio St.3d 224, 227, 643 N.E.2d 109.
 {¶ 30} The United States Supreme Court has also repeatedly noted that an offender does not lose the right to challenge the merits of his conviction merely because he is released from prison. See, e.g., Sibronv. New York (1968), 392 U.S. 40, 51, 88 S.Ct. 1889, 20 L.Ed.2d 917 (case not moot since defendant could not appeal case before completion of sentence, and the conviction could be used for impeachment and sentencing purposes in future criminal proceedings); Carafas v. LaVallee (1968),391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (as a result of conviction, state law would preclude defendant from serving as an official of a labor union, engaging in certain businesses, serving as a juror and voting in elections); Ginsberg v. New York (1968), 390 U.S. 629,633-634, at fn. 2, 88 S.Ct. 1274, 20 L.Ed.2d 195 (possibility that defendant's license to operate a luncheonette might be withdrawn in consequence of his conviction); Pollard v. United States (1957),352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 (possibility of consequences collateral to the imposition of sentence sufficiently substantial to justify reaching the merits of the sentence imposed);United States v. Morgan (1954), 346 U.S. 502, 512-513, 74 S.Ct. 247,253-254, 98 L.Ed. 248 ("[s]ubsequent convictions may carry heavier penalties, civil rights may be affected").
 {¶ 31} Accordingly, even in a case such as the instant matter where Appellant had amassed multiple felony convictions prior to the conviction at issue, his ability to challenge this conviction is not foreclosed by the fact that he completed his sentence. This same principle does not apply, however, where Appellant's challenge is directed, not at the conviction, but at the length or validity of the sentence imposed. State v. Howell, 5th Dist. No. 2001CA346, 2002-Ohio-3947. Under such circumstances, "if the offender has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." Id. at P18; citing, State v. Beamon (Dec. 14, 2001), 11th Dist. No. 2000-L-160.
 {¶ 32} Appellant's quarrel here is with the parole authority's decision to impose a period of post-release control and the trial court's failure to notify him with respect to the possibility of such post-release control. This failure has no bearing on the validity of his conviction. Consequently, in the absence of evidence that Appellant has suffered any collateral disability or loss of civil rights that this Court can remedy by modifying the length or scope of a sentence that he has already completed, the issue is plainly moot.
 {¶ 33} For all of the above reasons, Appellant's first assignment of error is sustained and the assessment by the Carroll County Adult Probation Department is vacated. Appellant's second assignment of error is moot.
Donofrio, J., concurs.
Vukovich, P.J., concurs.