{¶ 23} I concur with the principal opinion's disposition of appellant's first and, reluctantly, appellant's second assignment of error. I agree that the trial court's consecutive sentence analysis fell somewhat short of the analysis apparently required by the felony sentencing statutory provisions. I again note, however, that trial courts should not be faulted for their failure to comply with the confusing, complicated and changing sentencing requirements.
 {¶ 24} With respect to appellant's third assignment of error, I respectfully dissent. I believe that the restitution order bears a reasonable relationship to the actual loss suffered as a result of the offense for which appellant was convicted. State v. Hafer (2001),144 Ohio App.3d 345, 760 N.E.2d 56, citing State v. Williams (1986),34 Ohio App.3d 33, 516 N.E.2d 1270. Although appellant maintained that he did not "steal" the vehicle and that he only "possessed" the vehicle, thus resulting in his conviction for receiving stolen property, physical evidence links appellant to the vehicle's damage. Authorities located appellant's fingerprints on the vehicle's steering column and gear shift. While I concede that a possibility exists that some overlap may have occurred with respect to damage caused by appellant and the damage caused by the "unknown" thief, I do not believe that the damage was wholly unrelated to appellant's conduct and to the offense for which he was convicted. Thus, I would affirm the trial court's restitution order.