DECISION AND JUDGMENT ENTRY
{¶ 1} Julie Ellis appeals the Washington County Court of Common Pleas' judgment entry that sentenced her to five years of community control for a theft offense. Ellis asserts that the trial court violated R.C. 2929.18(A) when it ordered restitution to include damages from a dismissed forgery case. We agree because we held in State v. Hafer
(2001), 144 Ohio App.3d 345 that, absent a plea agreement, a trial court abuses its discretion when it orders restitution in a case for which the defendant was charged, but not convicted. Ellis also asserts that the trial court violated R.C. 2929.19(B)(5) and R.C. 2929.14(B) (C) at the sentencing hearing when it failed to state (1) the specific prison term that she would receive if she violated her community control sentence and (2) the necessary findings on the record to overcome the presumption for a minimum sentence and a presumption against a maximum sentence. We do not address these issues because they are not ripe for appeal. Accordingly, we reverse in part the sentencing entry and remand this cause to the trial court for resentencing in regards to the restitution order.
 I. {¶ 2} A Washington County Grand Jury indicted Ellis for burglary and the theft of nine hundred dollars ($900). The State offered to drop the burglary offense and a prior pending forgery case in exchange for a guilty plea to the theft offense, a felony of the fifth degree in violation of R.C. 2913.02. Pursuant to this plea agreement, the trial court found Ellis guilty of the theft offense and dismissed the burglary offense and forgery case with prejudice.
 {¶ 3} At sentencing, the State recommended that Ellis pay restitution in the amount of nine hundred dollars ($900) for the theft offense plus make restitution to the victims of the forgery case. The State admitted that the issue of restitution was not a part of the plea agreement. The court ordered restitution for both the theft offense and the forgery case.
 {¶ 4} At the same hearing, the court sentenced Ellis to community control and told her that if she violated community control, then the court would sentence her to the maximum sentence. At a prior hearing, the court told Ellis the exact maximum sentence (twelve months) before she entered her guilty plea. However, at sentencing, the court only used the word "maximum" without again saying the exact prison term, except the court used the words "twelve (12) months" in its sentencing entry. The trial court did not make findings on the record pursuant to R.C. 2929.14(B) (C), which involve presumptions in favor of a minimum term of imprisonment and against a maximum term of imprisonment.
 {¶ 5} Ellis requested the trial court to stay the restitution order as it relates to the forgery case. The trial court granted her request.
 {¶ 6} Ellis appeals her sentence and asserts the following three assignments of error: "I. The trial court erred in ordering Julie Ellis to pay restitution to the forgery victims because the court did not have a proper basis upon which to make a finding. II. The trial court violated Julie Ellis's right to due process, under the fifth andfourteenth amendments to the United States Constitution, and Article I, Section 16
of the Ohio Constitution, and erred as a matter of law, when the trial court failed to advise her at sentencing of the specific prison term she would receive if she violated her community control conditions. III. The trial court violated Julie Ellis' right to due process, under the fifth
and fourteenth amendments to the United States Constitution, and ArticleI, Section 16 of the Ohio Constitution, and erred as a matter of law, when it failed to make the necessary findings on the record at the sentencing hearing."
 II. {¶ 7} Ellis argues in her first assignment of error that the trial court erred when it ordered her to pay restitution for the forgery case that the court dismissed with prejudice. The State concedes that the trial court erred. We agree.
 {¶ 8} In State v. Hafer (2001), 144 Ohio App.3d 345, we interpreted the part of R.C. 2929.18(A) that deals with restitution. We held that, absent a plea agreement, a trial court abuses its discretion when it orders a defendant to pay restitution for damages attributable to an offense for which he was charged, but not convicted. In Hafer , the grand jury indicted the defendant for burglary, vandalism, and receiving stolen property. Pursuant to a plea agreement, the defendant pled guilty to receiving stolen property and the remaining charges were dismissed. The trial court ordered the defendant to pay restitution relating to the vandalism charge. We reversed.
 {¶ 9} Here, like in Hafer , the trial court ordered the defendant to pay restitution for an offense for which she was not convicted. And, like Hafer , the plea agreement did not include an agreement as to restitution. Thus, the trial court abused its discretion for the same reasons that we outlined in Hafer when it ordered Ellis to pay restitution in the forgery case.
 {¶ 10} Accordingly, we sustain Ellis' first assignment of error.
 III. {¶ 11} Ellis argues in her second and third assignments of error that at the sentencing hearing the trial court (1) used the word "maximum" instead of the words "twelve months" as required by R.C.2929.19(B)(5) when it told Ellis the sentence that she would receive if she violated her community control, and (2) did not make findings on the record to overcome the presumption (a) for a minimum sentence as required by R.C. 2929.14(B) and (b) against a maximum sentence as required by R.C. 2929.14(C). The State maintains that these issues are not ripe for adjudication. We agree with the State.
 {¶ 12} Apparently, Ellis is appealing this part of her sentence under R.C. 2953.08(A)(1) (2), which allows a defendant to appeal a maximum prison term sentence or a sentence that included a prison term when the offense is a fifth degree felony. Here, Ellis received a sentence of community control for the theft, a fifth degree felony. Ellis did not receive a sentence that included a prison term. If Ellis violates her community control, then the court may or may not in the future impose the maximum sentence. Thus, Ellis does not have authority under R.C.2953.08 to appeal this part of her sentence because the issues or claims she raises are not yet justiciable.
 {¶ 13} "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." State v.Stambaugh (1987), 34 Ohio St.3d 34, 38. (Douglas, J., concurring in part and dissenting in part), citing Burger Brewing Co. v. Liquor ControlComm. (1973), 34 Ohio St.2d 93, 97-98. If the State had not raised the issue of justiciability, we would have had to raise it sua sponte . SeeNeiderhiser v. Borough of Berwick (C.A.3, 1988), 840 F.2d 213, 216.
 {¶ 14} Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." Texas v. United States (1998), 523 U.S. 296, 300. To determine whether an issue is ripe for judicial review, the court must weigh (1) the likelihood that the alleged future harm will ever occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair adjudication. Ohio Forestry Assn., Inc. v. Sierra Club (1998),523 U.S. 726, 731-733.
 {¶ 15} Here, two events would have to occur before Ellis' issues would be ripe for judicial review: (1) Ellis would have to violate her community control, and (2) the trial court would have to impose the maximum sentence of twelve months. First, we note that either one of these events may not occur at all. Moreover, the transcript does not reveal that Ellis would endure undue hardship by waiting to see if both events occur. Finally, a maximum sentence depends on a multitude of factors, and Ellis admits that the record is not yet fully developed, i.e., the court has not yet made the necessary findings to overcome the presumption against a maximum term of imprisonment. Thus, we find that the issue of whether Ellis will receive the maximum sentence is not ripe for judicial review.
 {¶ 16} Accordingly, we overrule the second and third assignments of error.
 IV. {¶ 17} In sum, we sustain Ellis' first assignment of error. We overrule Ellis' second and third assignments of error. Thus, we reverse in part the sentence entry and remand this cause to the trial court for proceedings consistent with this opinion.
JUDGMENT REVERSED IN PART AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED IN PART and that Appellant recover of Appellee costs herein taxed. This case is REMANDED to the trial court for further proceedings consistent with this opinion.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.