{¶ 24} I concur with the position of the majority as to the two enumerated assignments of error. However, upon review of the record, I would find that the trial court's imposition of restitution on counts for which the defendant has not been convicted rises to a level of plain error.
 {¶ 25} Many courts of this State, including this Court, have recognized that restitution must be limited to the offenses for which a defendant is charged and convicted. State v. Williams, 3d Dist. No. 8-03-25, 2004-Ohio-2801, ¶ 23; State v. Hafer (2001),144 Ohio App.3d 345, 348; State v. Hooks (2000), 135 Ohio App.3d 746,749; State v. Brumback (1996), 109 Ohio App. 3d 65; State v. Friend
(1990), 68 Ohio App. 3d 241.
 {¶ 26} The State has argued that the order of restitution in this case is part of a plea agreement and is, therefore, permissible. Citing to this Court's original opinion in this case, Williams and State v. Ellis,
4th Dist. No. 02CA48, 2003-Ohio-2243, the State asserts that "absent aplea agreement, a trial court abuses its discretion when it orders a defendant to pay restitution." Thus, based on the "absent a plea agreement" language, the State asserts that because there is a plea agreement in this case, restitution can be assessed for non-convicted offenses.
 {¶ 27} Turning to the cases cited by the State, the original opinion in this case has been vacated. Thus, it can no longer be relied upon as authority. Furthermore, in Williams, which the original opinion cited to, this Court did not use the "absent a plea agreement" language. Rather, our holding in Williams was that "[t]hus, as a matter of law, an offender cannot be ordered to pay restitution for damage arising from a crime of which he was not convicted." 2004-Ohio-2801, at ¶ 23. (emphasis added.) Thus, our holding in Williams does not stand for the State's assertion that restitution imposed pursuant to a plea agreement is permissible. Rather, we stated that "as a matter of law" the imposition of restitution for a non-convicted offense is impermissible. Accordingly, based on our opinion in Williams, the imposition of restitution for a non-convicted offense is never allowable.
 {¶ 28} Additionally, I would disagree with the Fourth District's holding in Ellis. In Ellis, the Fourth District states the following:
In State v. Hafer, we interpreted the part of R.C. 2929.18(A) thatdeals with restitution. We held that, absent a plea agreement, a trialcourt abuses its discretion when it orders a defendant to pay restitutionfor damages attributable to an offense for which he was charged, but notconvicted. In Hafer, the grand jury indicted the defendant for burglary,vandalism, and receiving stolen property. Pursuant to a plea agreement,the defendant pled guilty to receiving stolen property and the remainingcharges were dismissed. The trial court ordered the defendant to payrestitution relating to the vandalism charge. We reversed.
2003-Ohio-2243, at ¶ 8. However, upon review of Hafer, it is clear that the Fourth District in Hafer never imposed the "absent a plea agreement" restriction. Accordingly, I would find that based on this Court's holding in Williams as well as the Fourth District's holding inHafer, the imposition of restitution for a non-convicted offense is never allowable as a matter of law.
 {¶ 29} Furthermore, there is analogous authority that even a negotiated plea and acquiescence by the defendant cannot justify a penalty not authorized by statute. See In Re: Khary Ingram, 8th Dist. No. 79808, 2002-Ohio-806. Thus, because R.C. 2929.18, which governs a sentencing court's authority to order restitution, only allows for restitution to be imposed for convicted offenses, such a penalty is not authorized by statute. Hooks, 135 Ohio App.3d at 749.
 {¶ 30} Because restitution cannot be imposed for a crime for which the defendant is not convicted, the imposition of such restitution in defendant's case rises to the level of plain error. Accordingly, I would reverse on the issue of restitution and remand for resentencing.