I concur with the conclusion of the majority as to the enumerated assignment of error. However, upon review of the record, I would find that the trial court's imposition of restitution on counts for which a defendant has not been convicted rises to level of plain error.
 {¶ 9} Many courts of this State, including this Court, have recognized that restitution must be limited to the offenses for which a defendant is charged and convicted. State v. Williams, 3d Dist. No. 8-03-25, 2004-Ohio-2801, ¶ 23; State v. Hafer (2001), 144 Ohio App.3d 345, 348,2001-Ohio-2412. "[A]s a matter of law, an offender cannot be ordered to pay restitution for damages arising from a crime of which he was not convicted." Williams 2004-Ohio-2801 at ¶ 23.
 {¶ 10} In the case sub judice, the trial court ordered Weathererholtz to pay restitution in the amount of fifteen thousand nine hundred thirty-one dollars and ninety-nine cents. Because Weatherholtz only pled guilty to the misuse of a credit card charge, the trial court was limited in imposing restitution to only the amount owed for the fraudulent charges. Again, the amount of the fraudulent charges totaled only three thousand nine hundred and thirty-one dollars. While the majority finds that Weatherholtz was on notice that she would be responsible for the total amount of both charges, I cannot find that under the precedent of this Court that such a judgment can stand. Regardless of Weatherholtz's plea agreement to pay restitution on the entire amount charged, this Court has previously held that a defendant in a criminal case can only be ordered to pay restitution for damages arising from those crimes which she was convicted of, as a matter of law. See, Williams at ¶ 23. Accordingly, I would find that the trial court erred in determining the amount of restitution owed by Weatherholtz, and the matter must be remanded for resentencing on the issue of restitution.
 {¶ 11} Because restitution cannot be imposed for a crime for which the defendant is not convicted, the imposition of such restitution in defendant's case rises to the level of plain error. Accordingly, I would reverse on the issue of restitution and remand for resentencing.