{¶ 26} ROGERS, J. dissent in part, concur in part. While I concur with the position of the majority as to the second assignment of error, I would sustain Rosebrook's first assignment of error. Accordingly, I must respectfully dissent from the majority's opinion on that assignment of error.
 {¶ 27} Many courts of this State, including this Court, have recognized that restitution must be limited to the offenses for which a defendant is charged and convicted. State v. Williams,
3d Dist. No. 8-03-25, 2004-Ohio-2801, ¶ 23; State v. Hafer
(2001), 144 Ohio App.3d 345, 348; State v. Hooks (2000),135 Ohio App.3d 746, 749; State v. Brumback (1996),109 Ohio App. 3d 65; State v. Friend (1990), 68 Ohio App. 3d 241.
 {¶ 28} A trial court must limit its award of restitution to the actual economic loss caused by the crime for which the offender was convicted. Williams, 2004-Ohio-2801, at ¶ 23, citing Hafer, 144 Ohio App.3d at 348. "[A]s a matter of law, an offender cannot be ordered to pay restitution for damages arising from a crime of which he was not convicted." Williams,2004-Ohio-2801, at ¶ 23.
 {¶ 29} The majority tries to distinguish these cases. Specifically, the majority claims that in Williams, the defendant was acquitted of charges for which the trial court erroneously imposed restitution, and in Ellis and Hafer the defendant never agreed to provide restitution for dismissed counts, as in this case. However, the plain language of theWilliams case states that "as a matter of law" restitution can never arise from a crime that a defendant has not been convicted. 2004-Ohio-2801, at ¶ 23 (emphasis added). I simply cannot read this sentence to mean anything other than that a defendant can never under any circumstances be ordered to pay restitution for charges for which he or she has been acquitted or for charges which have been dismissed, regardless of what negotiations might have occurred.
 {¶ 30} Additionally, I would disagree with the Fourth District's holding in Ellis. In Ellis, the Forth District states the following:
In State v. Hafer, we interpreted the part of R.C.2929.18(A) that deals with restitution. We held that, absent aplea agreement, a trial court abuses its discretion when itorders a defendant to pay restitution for damages attributable toan offense for which he was charged, but not convicted. InHafer, the grand jury indicted the defendant for burglary,vandalism, and receiving stolen property. Pursuant to a pleaagreement, the defendant pled guilty to receiving stolen propertyand the remaining charges were dismissed. The trial court orderedthe defendant to pay restitution relating to the vandalismcharge. We reversed.
2003-Ohio-2243, at ¶ 8. However, upon review of Hafer, it is clear that the Fourth District in Hafer never imposed the "absent a plea agreement" restriction. Accordingly, I would find that based on this Court's holding in Williams as well as the Fourth District's holding in Hafer, the imposition of restitution for a non-convicted offense is never allowable as a matter of law.
 {¶ 31} Furthermore, there is analogous authority that even a negotiated plea and acquiescence by the defendant cannot justify a penalty not authorized by statute. See In Re: Khary Ingram,
8th Dist. No. 79808, 2002-Ohio-806. Thus, because R.C. 2929.18, which governs a sentencing court's authority to order restitution, only allows for restitution to be imposed for convicted offenses, such a penalty is not authorized by statute.Hooks, 135 Ohio App.3d at 749.
 {¶ 32} Finally, in applying all of these principals, I would point out that we must strictly construe statutes against the State. See Brecksville v. Cook, 75 Ohio St.3d 53, 57, 1996-Ohio-171. As such, I would find that in light of the fact that because there is no statutory authority to specifically impose restitution where charges have been dismissed, such authority cannot and should not be read into the statute. By allowing the State to "negotiate" economic sanctions for matters which have not been proven, or to which a defendant has not pled guilty, opens a door whereby the prosecutor's office becomes a tool for the collection of civil debts, which could be interpreted as a disciplinary violation. I would not endorse or permit the use of the State's power to prosecute in this manner and believe that this is exactly what the majority's position allows and encourages.
 {¶ 33} Because restitution cannot be imposed for a crime for which the defendant is not convicted, the imposition of such restitution in the defendant's case is contrary to law and rises to the level of plain error. Accordingly, I would reverse on the issue of restitution and remand for resentencing.