[Cite as *State v. Miller*, 2009-Ohio-6157.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**                     **CASE NO. 1-09-32**

    **v.**

**JAMES D. MILLER,**                        **O P I N I O N**

    **DEFENDANT-APPELLANT.**

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR 2008 0395**

**Judgment Affirmed**

**Date of Decision:    November 23, 2009**

---

**APPEARANCES:**

    *Gregory W. Donohue*  **for Appellant**

    *Jana E. Emerick*  **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant James D. Miller ("Miller") brings this appeal from the judgment of the Court of Common Pleas of Allen County which required him to pay the victim, John Watkins ("Watkins"), $10,000 in restitution. For the reasons set forth below, the judgment is affirmed.

{¶2} On September 2, 2008, Miller was operating a truck which collided with a motorcycle being operated by Watkins. Miller fled the scene and proceeded to destroy the truck to hide his involvement in the accident. Miller was subsequently indicted on three counts: 1) tampering with evidence in violation of R.C. 2921.12(A)(1), a third degree felony; 2) vehicular assault in violation of R.C. 2903.08(A)(2)(b) & (c)(1), a third degree felony; and 3) failure to stop after an accident in violation of R.C. 4549.02(A) & (B), a fifth degree felony. Miller entered pleas of not guilty to all counts on October 27, 2008. On April 16, 2009, Miller, pursuant to a negotiated plea, entered guilty pleas to the first and third count. The second count was dismissed. The agreement also provided that the State would make no sentencing recommendation, but would seek restitution. The guilty pleas were accepted by the trial court. On May 21, 2009, a sentencing hearing was held. The trial court sentenced Miller to a total prison term of four and a half years and ordered Miller to pay $10,000 in restitution to Watkins. Miller appeals from this sentence and raises the following assignments of error.

## First Assignment of Error

**The trial court erred in ordering [Miller] to pay restitution for alleged out of pocket medical expenses, of [Watkins], victim of Count II, which was dismissed and not a victim of the crimes [Miller] was convicted of.**

## Second Assignment of Error

**The trial court erred by ordering restitution, for alleged out of pocket medical expenses, unsubstantiated by the record and without competent, credible evidence, violating [Miller's] rights under the United States and Ohio constitutions, to due process, requiring the amount of restitution ordered to bear a reasonable relation to loss.**

{¶3} In the first assignment of error, Miller alleges that the trial court erred in ordering him to pay restitution to Watkins since he was not convicted of the crime of vehicular assault. The imposition of financial sanctions, including restitution, is governed by R.C. 2929.18.

**(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to [R.C. 2947.23], the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:**

**(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount**

**of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.**

R.C. 2929.18(A). "[R]estitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced." *State v. Hafer*, 144 Ohio App.3d 345, 348, 2001-Ohio-2412, 760 N.E.2d 56. A trial court abuses its discretion if it imposes restitution which is not reasonably related to the offenses for which the defendant was convicted. Id. See also, *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270 and *State v. Williams*, 3d Dist. No. 8-03-25, 2004-Ohio-2801.

{¶4} Miller argues that the trial court imposed restitution for damages arising from the vehicular assault count, which was dismissed. However, the count of leaving the scene of an accident which resulted in serious physical harm to a person was not dismissed. Miller entered a guilty plea to this count and the plea was accepted by the trial court. In order to leave the scene of an accident, there must first be an accident. The indictment clearly specified that the accident resulted in serious physical harm to a person. Thus, the restitution order requiring

Miller to pay for the damages caused by the accident is reasonably related to this conviction. The first assignment of error is overruled.

{¶5} Miller next claims that the trial court erred in ordering the amount of restitution. The court may base the amount of restitution on an amount recommended by the victim, set forth in a PSI, estimates, or receipts. R.C. 2929.18. The only limitation on the amount is that it may not exceed the amount of economic loss suffered by the victim as a result of the offense. Id. Before the sentencing hearing, the trial court ordered that a pre-sentence investigation ("PSI") be conducted. In the PSI was documentation of the numerous medical expenses incurred by the victim of the accident. These expenses were more than $100,000. Sentencing Tr. 5. Watkins also testified that he had spent approximately $10,000 out of pocket and that there were still some outstanding bills. Based upon this testimony, the trial court ordered Miller to pay restitution to Watkins in the amount of $10,000. This evidence was admitted without objection to the amount of restitution. "A failure to object to the trial court's award of restitution waives all but plain error." *State v. Stewart*, 3d Dist. No. 16-08-11, 2008-Ohio-5823. Since there was some testimony as to this amount, no plain error exists. The trial court, therefore, did not err in ordering this amount of restitution and the second assignment of error is overruled.

{¶6}  Having found no error prejudicial to Miller, the judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**