OPINION *Page 2 
{¶ 1} Defendant-appellant Ralph E. Kenily appeals his sentence in the Muskingum County Court following his conviction for dereliction of duty. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In early 2000, the Muskingum County Engineers Office conceived a plan to verify and update a residential database known as the "Rural Address Project." In March, Jim Evans of Evans and Associates, Inc. informed Appellant the county engineer had asked his firm to work on the project. Evans explained he needed to hire someone to perform the work on the project. Evans inquired as to whether Appellant's wife, Marie Kenily, would be interested in the opportunity.
 {¶ 3} On March 27, 2000, Evans and Associates, Inc. signed a contract with the Muskingum County Engineer's Office for consulting services. Paragraph (B)(2) of the contract states:
 {¶ 4} "EA will provide data entry and related administrative services, on behalf of the Engineer, to structure and develop a database, inclusive of Muskingum County resident names, addresses and other related information. Such database shall be structured to serve as a resource for collecting resident and rural address information needed to facilitate and increase the efficiency and economy of the Engineer's Office operations. The software, database structure, data fields and other database components and processes shall be selected and developed in coordination with the Engineer to insure that the database is compatible with, and meets the needs of, the Engineer's Office." *Page 3 
 {¶ 5} On March 28, 2000, Marie Kenily signed a job application and an employment eligibility verification form with Evans and Associates.
 {¶ 6} On March 30, 2000, the Muskingum County commissioners unanimously passed a resolution entitled "RE: AUTHORIZE MUSKINGUM COUNTY ENGINEER-TO HIRE EVANS AND ASSOCIATES-CONSULTING SERVICE," stating:
 {¶ 7} "Mrs. Montgomery moved that the Board of County Commissioners adopt the following resolution:
 {¶ 8} "Whereas, a request has been submitted by the Muskingum County Engineer, Loren C. Camp, to hire Evans and Associates, Inc. of Zanesville, Ohio for consulting services of updating job descriptions, and
 {¶ 9} "WHEREAS, data entry and related services for a rural address project is to be provided, and
 {¶ 10} "WHEREAS, the estimated cost of the projects is $11.85 per hour or a maximum sum of $18,500.00, now therefore be it
 {¶ 11} "RESOLVED, that this Board of County Commissioners does hereby authorizes [sic] the Muskingum County Engineer to hire Evans and Associates, Inc. of Zanesville, Ohio for the projects of updating job descriptions and data entry, related services for a rural address project.
 {¶ 12} "Mr. Kenily seconded the resolution and the roll being called on its adoption, the vote was as follows:
 {¶ 13} "Madden, yea; Montgomery, yea; Kenily, yea. Resolution adopted." *Page 4 
 {¶ 14} Appellant did not inform his fellow commissioners his wife would be performing the duties under the contract on behalf of Evans and Associates. Rather, Appellant seconded the motion to approve the contract, and voted for approval.
 {¶ 15} Marie Kenily worked for Evans and Associates pursuant to the contract with the Muskingum County Engineer's Office from April 3, 2000, until February 14, 2001. Marie Kenily was hired by the Muskingum County Engineer's Office on February 20, 2001. The Engineer's Office fired her on October 10, 2003, at which time she had completed 4,057 entries out of the total 36,307 required by the contract. Marie Kenily billed the county $75,957.19 for her work.
 {¶ 16} As a result, Appellant was charged with dereliction of duty, in violation of R.C. 2921.44(E). Appellant entered a plea of guilty to the charge. Via Docket and Journal Entry of January 26, 2007, the trial court sentenced Appellant to sixty days jail time with thirty days suspended conditioned upon his completing two years' probation. The trial court ordered Appellant pay $67,389.00 in restitution. The trial court's restitution order was based upon the percentage of entries actually completed by Marie Kenily versus the total amount of entries required by the contract, multiplied by the money she was paid. On February 8, 2007, Appellant requested an evidentiary hearing on the order of restitution. The trial court conducted a hearing on March 8, 2007. Via Journal Entry of May 7, 2007, the trial court upheld the January 26, 2007 order of restitution.
 {¶ 17} Appellant now appeals, assigning as error:
 {¶ 18} "I. IT IS AN ABUSE OF DISCRETION FOR THE COURT TO ORDER RESTITUTION IN A CASE WHERE NO LOSS PROXIMATELY RESULTED FROM *Page 5 
ANY ACTS FOR WHICH THE APPELLANT HAS PLEADED GUILTY AND WHERE THE `VICTIM' HAS NOT BORNE THE BURDEN OF PROOF.
 {¶ 19} "II. IT IS AN ABUSE OF DISCRETION TO SENTENCE A DEFENDANT TO A JAIL TERM OF 60 DAYS WHEN SUCH IS A RESULT OF FAULTY INFORMATION AND MISTAKES OF FACT."
 I. {¶ 20} In the first assignment of error, Appellant argues the trial court erred in ordering restitution relative to any damages from the time Marie Kenily worked for the Muskingum County Engineer's Office.
 {¶ 21} R.C. 2929.18(A), which governs a sentencing court's authority to order restitution, provides that a trial court imposing a sentence for a felony conviction may sentence the offender to any financial sanction or combination of financial sanctions authorized by law. R.C. 2929.18(A) further provides that:
 {¶ 22} "Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 {¶ 23} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."
 {¶ 24} Under these provisions, restitution is limited to the economic loss caused by the defendant's illegal conduct for which he was convicted. State v. Brumback (1996), 109 Ohio App.3d 65, 82,671 N.E.2d 1064, 1074-1075. Thus, restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced. State v. Friend (1990), 68 Ohio App.3d 241, 243,587 N.E.2d 975, 976-977. Moreover, there must be sufficient evidence in the record from which the *Page 6 
court can ascertain the amount of restitution to a reasonable degree of certainty. Brumback at 83, 671 N.E.2d at 1075-1076.
 {¶ 25} In the case sub judice, Appellant was convicted of dereliction of duty in violation of R.C. 2921.44(E):
 {¶ 26} "(E) No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office."
 {¶ 27} Appellant plead guilty to dereliction of duty based upon his voting in favor of the March 30, 2000 resolution hiring the Evans and Associates firm for consulting services, without disclosing his conflict of interest. Pursuant to R.C. 2929.18, the trial court could impose restitution for the economic loss caused only by his voting in favor of the resolution hiring Evans and Associates. Therefore, the trial court erred in ordering Appellant to pay restitution of any damages relative to his wife's employment at the county engineer's office. Accordingly, Appellant's first assignment of error is sustained, and the trial court's restitution order is reversed and remanded to the trial court for redetermination of the restitution amount in accordance with the law and this opinion.
 II. {¶ 28} In the second assignment of error, Appellant argues the trial court abused its discretion in sentencing him to a jail term of sixty days based upon faulty information and mistakes of fact.
 {¶ 29} As noted in the statement of the facts and case supra, Appellant entered a plea of guilty to the charge on December 14, 2006. On review, the sentence imposed by the trial court is within the range of sentence authorized by statute. Accordingly, we *Page 7 
do not find the trial court abused its discretion in sentencing Appellant to a sixty day jail term.
 {¶ 30} The second assignment of error is overruled.
 {¶ 31} The May 7, 2007 judgment of the Muskingum County Court is affirmed, in part, reversed, in part, and this matter is remanded to the trial court for further proceedings in accordance with the law and this opinion.
 Hoffman, P.J., Gwin, J. and Farmer, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court is affirmed, in part, reversed, in part, and this matter remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs to be divided. *Page 1