OPINION
{¶ 1} Appellant, James D. Ervin ("Ervin"), appeals the November 6, 2003 judgment entry of the Lake County Court of Common Pleas imposing restitution in the amount of $3,162.65 on behalf of Grange Insurance Company ("Grange") and $250 on behalf of Martin Gareau ("Gareau"). For the following reasons, we reverse that part of the trial court's judgment entry ordering Ervin to pay restitution to Grange and Gareau.
 {¶ 2} On February 26, 2003, the Lake County Grand Jury returned a sevencount indictment against Ervin. The indictment was based on the burglary of two residences on Hartshire Drive in Willoughby, Ohio; the breaking and entering of a residence on Ridge Road in Willoughby, Ohio; grand theft auto of a 2002 Dodge Ram owned by William Stevens; receiving as stolen property a 1998 Toyota Avalon owned by Michelle Ward and a 1997 Chevrolet Cavalier owned by Theresa Case; and the theft of credit cards owned by Edward Bamber.
 {¶ 3} On September 29, 2003, Ervin pled guilty to one count of burglary, a fourth degree felony in violation of R.C. 2911.12(A)(4), involving a Hartshire Drive residence; one count of burglary, a second degree felony in violation R.C. 2911.12(A)(1), involving a Hartshire Drive residence; one count of breaking and entering, a fifth degree felony in violation of R.C. 2911.13(A), involving the Ridge Road residence; one count of grand theft of a motor vehicle, a fourth degree felony in violation of R.C. 2913.51(A), involving Stevens' 2002 Dodge Ram; and one count of receiving stolen property, a fourth degree felony in violation of R.C. 2913.51(A), involving Case's 1997 Cavalier. A nolle prosequi was entered on the remaining counts of the indictment.
 {¶ 4} The trial court sentenced Ervin to serve a five-year prison term for the second-degree felony burglary count and eleven months for the remaining counts, all sentences to be served concurrently, at the Lorain Correctional Institution, Grafton, Ohio. The court ordered Ervin to pay restitution to the adult parole authority in the amount of $7,249.74 on behalf of Erie Insurance Company and in the amount of $250 on behalf of Stevens for the theft the 2002 Dodge Ram.
 {¶ 5} The court further ordered Ervin to pay restitution to the adult parole authority in the amount of $3,162.65 on behalf of Grange and in the amount of $250 on behalf of Gareau for the theft of Gareau's Toyota Solara. Ervin objected to the trial court's order regarding Grange and Gareau on the grounds that Ervin was never charged in connection with this vehicle. Ervin argued that the Solara was stolen by William Coleman, Ervin's accomplice in the crimes for which he was indicted, that Coleman was subsequently convicted of this crime, and that Ervin was in police custody when Coleman took the Solara. The trial court rejected Ervin's arguments and found that Ervin was responsible for Gareau's vehicle, "even though [Ervin] did not go in the [Gareau] house." The court determined that Ervin's and Coleman's actions were "part of an organized criminal conduct to commit burglary after burglary in multiple jurisdictions" and that Ervin could have been charged with the theft of Gareau's vehicle because the theft was a "joint venture" by Ervin and Coleman.
 {¶ 6} Ervin timely appeals the trial court's restitution order raising the following assignment of error: "The trial court erred in ordering restitution in its sentencing order for economic loss properly attributable to a crime of which the defendant was not charged with nor was he convicted of this crime."
 {¶ 7} A court imposing sentence on a felony offender may require the offender to make restitution "to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.18(A)(1) (emphasis added). "Economic loss" is defined as "any economic detriment suffered by a victim as a result of the commission of a felony." R.C.2929.01(M).
 {¶ 8} "Generally, the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted." State v. Agnes (Oct. 6, 2000), 11th Dist. No. 99-L-104, 2000 Ohio App. LEXIS 4653, at *23-*24, quoting State v. Williams (1986),34 Ohio App.3d 33, 34. It follows that, "as a matter of law, an offender cannot be ordered to pay restitution for damage arising from a crime of which he is not convicted." State v. Williams, 3rd Dist. No. 8-03-25, 2004-Ohio-2801, at ¶ 23; State v. Littlefield, 4th Dist. No. 02CA19, 2003-Ohio-863, at ¶ 20; State v. Hafer, 144 Ohio App.3d 345,348, 2001-Ohio-2412 (citations omitted); State v. Hooks (2000),135 Ohio App.3d 746, 749; State v. Carosella (June 25, 1999), 7th Dist. No. 97 CA 46, 1999 Ohio App. LEXIS 2962, at *3 (citation omitted);State v. Sutherland (Aug. 15, 1997), 2nd Dist. No. 97CA25, 1997 Ohio App. LEXIS 3621, at *18-*19; State v. Friend (1990), 68 Ohio App.3d 241,243.
 {¶ 9} In the present case, Ervin was not convicted of, or even indicted for, any criminal act involving Gareau's Solara. The trial court was without authority to pronounce Ervin guilty of a crime for which he was not indicted and, then, order restitution for damages occasioned by the commission of that crime. Ervin's assignment of error has merit.
 {¶ 10} For the foregoing reasons, we reverse the judgment of the Lake County Court of Common Pleas and enter judgment for Ervin on the singular issue of the trial court's order for appellant to make restitution to Grange in the amount of $3,165.25 and $250 to Gareau regarding the theft of Gareau's Toyota Solara by Ervin's co-defendant, Coleman. This was the only issue appealed by Ervin involving the sentence entered against him by the trial court. All other aspects of the trial court's sentencing judgment remain intact.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.