OPINION
{¶ 1} Defendant-appellant, Annette Middleton, appeals the decision of the Butler County Court of Common Pleas ordering her to pay $20,284.46 in restitution to Denise Huttenhower, her former employer and the owner of Alpine Press, Inc.
 {¶ 2} Appellant was indicted in August 2005 on one count of grand theft in violation of R.C. 2913.02(A)(1). The charge stemmed from appellant's employment as the company's office manager between December 2003 and May 2005 during which she allegedly embezzled money by using the company's American Express credit card without Huttenhower's consent, by charging unauthorized expenses on the company's accounts at local stores, and by writing unauthorized checks. During that time, appellant was essentially replacing Huttenhower who was on sick leave following an aneurism she suffered in October 2003. Appellant was terminated early June 2005.
 {¶ 3} Appellant pled guilty as charged. At a restitution hearing, appellant stipulated she owed $10,867.07 in restitution for writing unauthorized checks. She, however, denied misusing the company's American Express credit card. She also claimed she was authorized to charge expenses on the company's accounts at local stores. Following testimony from appellant and Huttenhower with regard to each of the unauthorized expenses incurred by appellant, the trial court ordered appellant to pay $10,867.07 in restitution for the unauthorized checks.[1] The court further ordered appellant to pay restitution in the following amounts:
 {¶ 4} 1. $624.28 for phone charges incurred between January and May 2005 on a cellular phone added to the company account but used by appellant's daughter;
 {¶ 5} 2. $290.64 for personal purchases made by appellant between December 2003 and January 2005 on the company's account at Home Depot;
 {¶ 6} 3. $264.06 for personal purchases made by appellant between November 2003 and January 2005 on the company's account at Lowe's;
 {¶ 7} 4. $57.05 for collect calls made to the company by appellant's niece (who was then in jail);
 {¶ 8} 5. $97.96 for a package sent overnight by UPS to appellant's niece;
 {¶ 9} 6. $1,680 for a hot tub received by appellant in exchange for 15,000 Christmas newsletters printed by the company in December 2004 for a business;[2]
 {¶ 10} 7. $296.02 for a printing job for Bick's Driving School in exchange of driving lessons for appellant's daughter;
 {¶ 11} 8. $139.70 for an order placed to LTD Commodities through the company; and
 {¶ 12} 9. $5,867.68 for appellant's failure to pay garnishment orders against her boyfriend Robert Cole who was then an employee of the company. The garnishment orders were received when appellant was acting as the office manager.
 {¶ 13} Appellant appeals the order of restitution, raising a single assignment of error:
 {¶ 14} "THE TRIAL COURT ERRED IN AWARDING ADDITIONAL RESTITUTION IN THE AMOUNT OF $9,417.39 FOR ITEMS NOT RELATED TO THE CHARGES AGAINST [APPELLANT]."
 {¶ 15} R.C. 2929.18(A)(1) allows a trial court, as part of a sentence, to order restitution to the victim of the offender's crime in an amount based on the victim's economic loss. R.C.2929.01(M) defines "economic loss" as "any economic detriment suffered by the victim as a direct and proximate result of the commission of an offense and includes * * * any property loss * * * incurred as a result of the commission of an offense."
 {¶ 16} The record must contain sufficient evidence for the trial court to ascertain the amount of restitution to a reasonable degree of certainty. State v. Smith, Butler App. No. CA2004-11-275, 2005-Ohio-6551, ¶ 21. The amount of restitution must bear a reasonable relationship to the loss suffered by the victim. Id. Restitution is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. Id.
 {¶ 17} Appellant argues that the trial court erred by ordering her to pay restitution for the garnishment orders and for the eight other expenses listed above because they bear no relationship to the grand theft charge she pled guilty to. Appellant contends that the restitution order "went above and beyond the monetary loss occasioned by that theft."
 {¶ 18} We start with the restitution order for appellant's failure to pay the garnishment orders. The record shows that appellant was indicted on one count of grand theft under R.C.2913.02(A)(1). The indictment tracks the language of R.C.2913.02(A)(1) and makes no reference to the garnishment orders. Appellant subsequently filed two motions, one for a bill of particulars and one for discovery. The state never filed a bill of particulars. It filed, however, an answer to appellant's discovery motion. While the state's answer refers to unauthorized checks and the company's American Express credit card, it makes no reference to the garnishment orders. Likewise, during the guilty plea hearing, the state never mentioned the garnishment orders either in its statement of facts or while arguing before the trial court. In fact, the garnishment orders were never a part of or mentioned during the guilty plea hearing. It was not until the restitution hearing that they became part of appellant's theft offense.
 {¶ 19} Restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted. SeeState v. Hafer, 144 Ohio App.3d 345, 2001-Ohio-2412. At the guilty plea hearing, appellant pled guilty to grand theft following the state's statement of facts and the parties' oral arguments. The garnishment orders were never mentioned or referred to even implicitly. As a result, we find that appellant was never convicted with regard to any criminal conduct involving the garnishment orders. See State v. Hicks, Butler App. No. CA2002-08-198, 2003-Ohio-7210. The trial court, therefore, did not have the authority to order appellant to pay restitution with regard to the garnishment orders. To the extent that it so ordered appellant, that portion of the sentence is contrary to law.
 {¶ 20} We now turn to the eight other expenses listed above. Unlike the garnishment orders, we find that the trial court properly ordered appellant to pay restitution for those. While they were not mentioned in the state's answer to appellant's discovery motion, we find that based on the parties' oral arguments at the guilty plea hearing, they were encompassed in the theft charge. A thorough review of the parties' testimony at the restitution hearing clearly shows that those expenses were not authorized by Huttenhower and that they were purely for appellant's personal or family use. Indeed, appellant admitted at the restitution hearing that the expenses were personal and/or family expenses. We further find that there was sufficient evidence for the trial court to ascertain the amount of restitution for those expenses to a reasonable degree of certainty, and that the amount of restitution for those expenses bears a reasonable relationship to the loss suffered by Huttenhower.
 {¶ 21} Accordingly, appellant's assignment of error is sustained in part and overruled in part. Appellant's sentence requiring her to pay $10,867.07 for the unauthorized checks, $624.28 for the calls made by appellant's daughter, $264.06 for the charges on the Lowe's account, $290.64 for the charges on the Home Depot account, $1,680 for the hot tub, $57.05 for the collect calls, $97.96 for the UPS overnight shipment, $296.02 for appellant's daughter's driving lessons, and $139.70 for the LTD Commodities order is affirmed (for a total of $14,316.78). Pursuant to App.R. 12(B), that portion of appellant's sentence requiring her to pay $5,867.68 in restitution for the garnishment orders is vacated.
 {¶ 22} Judgment affirmed as modified.
Powell, P.J., and Walsh, J., concur.
[1] The trial court denied restitution for all the charges made on the company's American Express credit card on the ground that the state could not establish that appellant misused the card.
[2] The trial court heard testimony that in exchange for 15,000 Christmas newsletters to be printed by the company for a cost of $1,346, the company would receive a $1,500 hot tub. Huttenhower consented to the trade, and agreed to give the hot tub to appellant as a bonus for her hard work. However, instead of the $1,500 hot tub, appellant obtained a hot tub worth more than $3,000. The $1,680 ordered to be paid in restitution represents the difference between the cost of the hot tub received by appellant and the cost of the printing job.