OPINION
{¶ 1} Defendant-appellant, Adam Glenn Foster, appeals a sentencing decision of the Butler County Court of Common Pleas ordering him to pay restitution for property damage. We affirm.
 {¶ 2} On November 26, 2004, appellant and co-defendants Steven Davis and Jared Clark entered a garage on Queen Avenue in Middletown and took possession of a sport utility vehicle ("SUV") owned by Calvin Pyles. Davis drove the SUV while appellant occupied the front passenger seat and Clark occupied a rear passenger seat. After cruising in the SUV for approximately three hours, the trio next attempted to gain entry into a residence on Calloway Court in Middletown. Appellant acted as a "look out" while the other two men tried to enter the house. Unsuccessful, the three departed from the property in the stolen SUV when they noticed police cruisers approaching. A high-speed pursuit ensued, during which the SUV struck a parked car owned by Amee Burton ("parked car"), badly damaging both vehicles. Officers were finally able to stop the SUV after deploying a device that punctured its tires.
 {¶ 3} On January 12, 2005, a grand jury returned a three-count indictment against appellant. The charges included one count of attempted burglary in violation of R.C. 2923.02 and2911.12(A)(1), a third-degree felony; complicity to grand theft in violation of R.C. 2923.03(A)(2) and 2913.02(A)(1), a fourth-degree felony; and breaking and entering in violation of R.C. 2911.13(A), a fifth-degree felony. Appellant pled guilty to attempted burglary and complicity to grand theft, and the breaking and entering charge was merged as part of the plea agreement. Appellant was sentenced to three years for attempted burglary, and 17 months for complicity to grand theft to run concurrent with the three-year term. The court also ordered restitution in the amount of $250 to Calvin Pyles, the owner of the stolen SUV, and restitution in the amount of $2,900 to Amee Burton, the owner of the parked car. All three co-defendants were made jointly and severally responsible for restitution. Appellant timely appealed, raising a single assignment of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE COURT COMMITTED PREJUDICIAL ERROR IN DETERMINING THE AMOUNT OF RESTITUTION AWARDED TO THE VICTIMS."
 {¶ 6} Appellant challenges the portion of the trial court's sentencing decision ordering him to pay restitution to Pyles and Burton for damage sustained by their respective vehicles. Although the wording of appellant's assignment of error speaks to the amount of restitution,[1] appellant's brief in fact disputes the propriety of holding him liable for restitution at all.
 {¶ 7} Appellant emphasizes the fact that co-defendant Davis, the driver of the stolen SUV, was the sole person charged with failing to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). According to appellant, the damage to the vehicles resulted from this particular offense, and consequently only Davis should be held accountable for restitution. Appellant maintains that the restitution order is unrelated to his crimes.
 {¶ 8} R.C. 2929.18(A)(1) allows a sentencing court to order restitution "to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.01(M) defines "economic loss" as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes * * * any property loss * * * incurred as a result of the commission of the offense." Prior to imposing a restitution order, a sentencing court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence. Statev. Borders, Clermont App. No. CA2004-12-101, 2005-Ohio-4339, ¶ 36, quoting State v. Gears (1999), 135 Ohio App.3d 297, 300.
 {¶ 9} Upon reviewing the record, we find that the restitution order was supported by competent, credible evidence. The victims suffered economic loss in the form of property damage to their respective vehicles, and the amount of restitution awarded bore a reasonable relationship to this loss. See Borders at ¶ 36, quoting State v. Marbury (1995), 104 Ohio App.3d 179, 181. Evidence in the record demonstrates that appellant's complicit conduct constituted a proximate cause of the victims' economic losses. Appellant aided in the theft of the SUV. He was a willing passenger in the stolen SUV for approximately three hours before the joyride was forcibly ended. The police chase was foreseeable in light of the fact that appellant and his accomplices were occupying a stolen vehicle, and it was foreseeable that damage would occur as a result of the high-speed chase. See State v.Lovelace (1999), 137 Ohio App.3d 206, 216. Therefore, contrary to appellant's assertions, the owners of the damaged vehicles sustained economic loss which was proximately caused by the criminal conduct for which appellant was convicted. See id. The trial court thus properly made appellant accountable for restitution, as this financial sanction served to compensate for damages that occurred as a result of appellant's criminal acts. See id.
 {¶ 10} We find no merit in appellant's argument that his status as a passenger in the stolen SUV absolves him from liability for restitution. Appellant cannot evade the consequences of aiding in the theft of the SUV simply by pointing to the fact that he was not behind the wheel of the stolen vehicle. As stated, appellant was properly held responsible for the damage to the stolen SUV and the parked car because the criminal behavior for which he was convicted, complicity in the theft of the SUV, proximately caused the damages. Cf. State v.Middleton, Butler CA2005-11-499, 2006-Ohio-4558, ¶ 19 (determining that the trial court erred in ordering defendant to pay restitution for garnishment orders where defendant was not convicted regarding any criminal conduct involving the garnishment orders). The fact that appellant was not convicted of failing to comply with an order or signal of a police officer does not relieve him of responsibility for the damages.
 {¶ 11} We conclude that the trial court did not err in ordering appellant to pay restitution for the respective damages sustained by the vehicles belonging to Pyles and Burton. Appellant's first assignment of error is overruled.
 {¶ 12} Judgment affirmed.
Walsh and Young, JJ., concur.
[1] The amount of restitution does not appear to be in dispute. At the sentencing hearing, appellant's attorney informed the court, "While you are speaking of restitution, let me say we have no disagreement with the figures presented in the PSI." According to the presentence investigation report (PSI), Pyles sustained damages in the amount of $250, reflecting his automobile insurance deductible. The PSI indicated that Burton, who did not hold automobile insurance, sustained damages in the amount of $2,900, reflecting the total value of her car.