OPINION
{¶ 1} Defendant-appellant, Samuel James Miller, appeals his conviction in the Butler County Court of Common Pleas on two counts of theft, in violation of R.C. 2913.02(A)(1). For the reasons set forth below, we affirm appellant's conviction, but modify the trial court's restitution order.
 {¶ 2} This matter involves the alleged theft of a number of items from a small farm owned by Mary Detcher. Appellant and his father, Samuel Ray Miller, entered the property in *Page 2 
question numerous times after obtaining permission from Detcher to trap animals on the farm. During the course of such activity, however, appellant and his father allegedly removed a number of items from Detcher's barn and sold the items at a salvage yard. As a result, appellant was charged with one fifth-degree felony count of breaking and entering, pursuant to R.C. 2911.13(A), one fourth-degree felony count of grand theft, pursuant to R.C. 2913.02(A)(1), and one fifth-degree felony count of theft, pursuant to R.C. 2913.02(A)(1).
 {¶ 3} A jury trial commenced September 13, 2007, during which the state presented evidence indicating that a portion of the property taken from Detcher's farm belonged to Detcher while a portion belonged to her brother, Chris Nuss. Detcher testified that the value of her property totaled approximately $7,500. Nuss testified that the value of his property totaled approximately $3,000. At the conclusion of the trial, the jury returned guilty verdicts as to both counts of theft. The jury made a special finding as to each count, however, that the value of the property stolen from each victim was "$500 or more and less than $5,000."
 {¶ 4} Appellant was subsequently sentenced to five years of community control sanctions, and ordered to pay restitution to Nuss and Detcher in the amount of $3,425 and $5,000 respectively. Appellant timely appealed his conviction, advancing three assignments of error.
 {¶ 5} In his first assignment of error, appellant argues his conviction for theft is against the manifest weight of the evidence. After reviewing the record, however, we find appellant's argument without merit, as the state presented evidence, including Detcher's testimony, to establish the elements of such offense. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus; R.C. 2913.02(A)(1). See, also, State v. Guzzo, Butler App. No. CA2003-09-232, 2004-Ohio-4979, ¶ 7-16. While the witnesses at trial provided differing accounts of the events in question, the jury was in a better position to determine the credibility of the witnesses and the weight of the *Page 3 
evidence, and we defer to such determination accordingly.DeHass. Appellant's first assignment of error is therefore overruled.
 {¶ 6} In his second assignment of error, appellant argues the trial court erred in convicting him of two counts of theft because such offenses are allied offenses of similar import. We find such argument without merit, as the record demonstrates appellant acted with a separate animus in committing the offense against two separate victims, Detcher and Nuss. R.C. 2941.25(B); State v. Howard, Hamilton App. No. C-020389, 2003-Ohio-1365, ¶ 15. See, also, State v. Gregory (1993),90 Ohio App.3d 124, 129. Appellant's second assignment of error is overruled accordingly.
 {¶ 7} In his third assignment of error, appellant argues the trial court erred in ordering him to pay restitution to Detcher and Nuss in an amount that exceeded the value of the stolen property as determined by the jury. R.C. 2929.18 authorizes a court to order restitution "to the victim of the offender's crime * * * in an amount based upon the victim's economic loss." "The right to order restitution is limited to the actual loss or damage caused by the offense for which the defendant is convicted, and the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered." State v.Fyffe (1990), 67 Ohio App.3d 608, 617.
 {¶ 8} The record in this case demonstrates that both Detcher and Nuss testified as to the value of their respective property taken from the barn, Detcher claiming her property was worth approximately $7,500 and Nuss claiming that his property was worth approximately $3,000. Appellant's father testified as to the condition in which he found the property in question, indicating that such property appeared to be "scrap" material. Appellant also presented evidence, including receipts from the salvage yard at which such property was sold, indicating the "scrap value" of such property was approximately $600. After reviewing the record and the evidence presented at trial, we find the record supports the amount of *Page 4 
restitution the trial court ordered appellant to pay each victim based upon the jury's findings. See State v. Banks, Montgomery App. No. 20711,2005-Ohio-4488, ¶ 5.
 {¶ 9} We also find, however, that the trial court erred in setting restitution at $5,000 with respect to Detcher where a conviction for fifth-degree felony theft assumes a property value of "less than five thousand dollars * * *." (Emphasis added.) R.C. 2913.02(B)(2); R.C. 2929.18; State v. Smith, Butler App. No. CA2004-11-275, 2005-Ohio-6551, ¶ 21, 25-27; State v. Lake (1996), 111 Ohio App.3d 127, 133. As the dissent indicates, R.C. 2929.18 does not appear to limit a trial court's restitution award to the value of the property set forth in the definition of a particular theft offense. Nevertheless, we find such statute must be read in conjunction with R.C. 2913.02(B)(2), which defines the degree of a theft offense with specific reference to the monetary value of the property at issue. This section provides, in relevant part, as follows:
 {¶ 10} "* * * If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in [R.C. 2913.71] a violation of this section is theft, a felony of the fifth degree. If the value of the property or services stolen is five thousand dollars or more and is less than one hundred thousand dollars, a violation of this section is grand theft, a felony of the fourth degree. * * *"
 {¶ 11} As this court has previously recognized, "restitution can only be ordered for those acts that constitute the crime for which the defendant has been convicted and sentenced." Smith at ¶ 25, citingState v. Hafer, 144 Ohio App.3d 345, 348, 2001-Ohio-2412. See, also,State v. Ervin, Lake App. No. 2003-L-207, 2005-Ohio-687, ¶ 8. Where, as is the case here, the fact finder has the option of finding a defendant guilty of a greater offense upon the presentation of evidence in a contested hearing, restitution is necessarily limited to no more than the maximum dollar amount of the offense for which the defendant is ultimately *Page 5 
found guilty. In this case, while the jury was presented evidence that the value of Detcher's stolen property was approximately $7,500, the jury chose to believe that such property value was in fact "less than $5,000." The trial court's restitution award may therefore not exceed such sum.
 {¶ 12} We note that the state concedes the trial court's error in awarding $5,000, and requests remand for a redetermination of the amount of restitution owed. In the interest of judicial economy, however, we decline to do so and hereby modify the court's restitution order to $4,999.99.
 {¶ 13} The judgment of the trial court is hereby affirmed as modified.
YOUNG, J., concurs.
WALSH, P.J., dissents.