OPINION
{¶ 1} Defendant-appellant, Bonnie Coldiron, appeals a decision of the Clermont County Court of Common Pleas ordering her to pay $5,900 in restitution for receiving stolen property. We reverse and remand.
 {¶ 2} On October 31, 2007, appellant was indicted on one fifth-degree felony count of receiving stolen property in violation of R.C. 2913.51(A) after it was alleged that on July 29, 2007, appellant received stolen jewelry from her codefendant, Troy Angelo. The jewelry was *Page 2 
taken from a house in which Angelo was working. The items consisted of a diamond pendant necklace valued at $1,600, and a diamond tennis bracelet valued at $4,300.
 {¶ 3} According to the record, Angelo pawned the bracelet and gave the necklace to appellant, who apparently traded it for food stamps. At appellant's plea hearing on April 8, 2008, she disputed the state's statement of facts that she had received both the necklace and bracelet:
 {¶ 4} "[APPELLANT'S COUNSEL]: Your Honor, [appellant] just indicated that she only received the bracelet —
 {¶ 5} "[APPELLANT]: The necklace.
 {¶ 6} "[APPELLANT'S COUNSEL]: I'm sorry. She only received the necklace, not the bracelet.
 {¶ 7} "[ANGELO'S COUNSEL]: I have the co-defendant. That's accurate.
 {¶ 8} "[PROSECUTOR]: Judge, I have no objection to that.
 {¶ 9} "THE COURT: All right. But she did receive the —
 {¶ 10} "[APPELLANT'S COUNSEL]: She received the necklace.
 {¶ 11} "THE COURT: Necklace?
 {¶ 12} "[APPELLANT]: I received the necklace. Yes, your Honor."
 {¶ 13} "* * *
 {¶ 14} "THE COURT: Okay. Do you still wish to enter a guilty plea to the charge?
 {¶ 15} "[APPELLANT]: Yes."
 {¶ 16} At appellant's sentencing hearing on May 15, 2008, the trial court imposed a community control sanction and ordered restitution for both the necklace and tennis bracelet in the total amount of $5,900.[1] In ordering restitution for the bracelet, the court found that *Page 3 
appellant "did facilitate Mr. Angelo in getting — helping him get rid of the property, part of which was the [necklace] for which she directly entered a plea of guilty to." The court further found that "tangentially, and as a course of conduct, * * * the [bracelet] falls into this responsibility penumbra of her responsibility too."
 {¶ 17} Appellant appealed the trial court's restitution order, advancing the following sole assignment of error:
 {¶ 18} "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY RESTITUTION FOR THE TENNIS BRACELET[.]"
 {¶ 19} Appellant argues that the trial court erred in ordering restitution for the bracelet, given that the parties had agreed at the plea hearing that the necklace was the only property at issue. Appellant's guilty plea reflected this agreement. As a result, appellant contends that the court's restitution order should not have exceeded the value of the necklace, i.e., $1,600.
 {¶ 20} R.C. 2929.18(A)(1) permits a trial court, as part of a sentence, to order restitution to the victim of the offender's crime in an amount based on the victim's economic loss. "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes * * * any property loss * * * incurred as a result of the commission of an offense." R.C. 2929.01(L).
 {¶ 21} This court has previously recognized that "restitution can only be ordered for those acts that constitute the crime for which the defendant has been convicted and sentenced." State v. Miller, Butler App. No. CA2007-11-295, 2008-Ohio-5661, ¶ 11, quoting State v.Smith, Butler App. No. CA2004-11-275, 2005-Ohio-6551, ¶ 25. The amount of restitution ordered must bear a reasonable relationship to the loss suffered by the victim. State v. Middleton, Butler App. No. CA2005-11-499, 2006-Ohio-4558, ¶ 16. Prior to imposing a restitution order, a trial court must "determine the amount of restitution to a reasonable *Page 4 
degree of certainty, ensuring that the amount is supported by competent, credible evidence." State v. Foster, Butler App. No. CA2005-09-415,2006-Ohio-4830, ¶ 8.
 {¶ 22} Upon review of the record, we find that the trial court's restitution order with regard to the bracelet was not supported by competent, credible evidence because appellant was never convicted of any criminal conduct involving the bracelet. See Middleton,2006-Ohio-4558 at ¶ 19. Appellant's guilty plea pertained only to the necklace, and the court acknowledged this fact at the sentencing hearing. In addition, there is no evidence in the record to support the court's determination that by accepting the necklace, appellant was also facilitating Angelo's disposal of the bracelet. Appellant's conduct was not the proximate cause of the victim's economic loss with regard to the bracelet, and the trial court was without authority to order restitution for it. Id.; Foster at ¶ 9.
 {¶ 23} Appellant's assignment of error is sustained, the judgment of the trial court is reversed, and the cause is remanded for modification of the restitution order.
 {¶ 24} Judgment reversed and remanded.
POWELL and YOUNG, JJ., concur.
[1] We note that Angelo also plead guilty to receiving stolen property. He was sentenced to nine months in prison and was ordered to pay $5,900 in restitution. *Page 1