[Cite as *State v. Wolf*, 2013-Ohio-5271.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :                CASE NO.   CA2012-12-263

                                    :                O P I N I O N
   - vs -                                                                     12/2/2013

                                      :

TOSHA WOLF,                                      :

    Defendant-Appellant.                  :

CRIMINAL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. 12CRB01088

Susan H. Cohen, Middletown City Prosecutor, Ashley M. Bretland, One Donham Plaza, Middletown, Ohio 45042, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant

**PIPER, J.**

{¶ 1}   Defendant-appellant, Tosha Wolf, appeals her conviction and sentence in the Middletown Municipal Court for assault.

{¶ 2}   On February 18, 2012, Wolf went to the Madison Inn in Middletown, Ohio, with her husband, Charles "Buck" Wolf, and several friends.  Once there, Wolf and her companions gathered with other friends at the bar.  Kelly Little was also a patron at the bar

on the night in question. As Little was attempting to leave the bar, she bumped into another customer, Jack Hall. Little's contact with Hall caused him to bump into Charles Wolf. Charles and Hall then exchanged words, and Little intervened in order to tell Hall to "calm down." At that point, Wolf struck Little in the face with her beer glass, and Little sustained injuries to her face as a result.

{¶ 3} On February 22, 2012, Wolf was charged by complaint with assault. Wolf pled not guilty to the charges, and the matter proceeded to a bench trial. During the trial, the state presented testimony from Little and three other bar patrons, all of whom testified that Wolf struck Little in the face with her beer glass. Wolf presented the testimony of her sister-in-law, Lauren Wolf, who stated that Little grabbed Wolf's hair and that the two women fell down five or six stairs, but that Wolf did not take any action that would cause injury to Little.

{¶ 4} The trial court found Wolf guilty of assault in violation of R.C. 2903.13, and sentenced her to a $300 fine and other court costs, 60 days in jail, suspended, and restitution for Little's out of pocket and unpaid medical bills. Wolf now appeals her conviction and sentence raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} MS. WOLF'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} Wolf argues in her first assignment of error that her conviction was against the manifest weight of the evidence.

{¶ 8} A manifest weight challenge examines the inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other. *State v. Wilson,* 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298.

> In determining whether a conviction is against the manifest
> weight of the evidence, the court, reviewing the entire record,
> weighs the evidence and all reasonable inferences, considers

the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Cummings,* 12th Dist. Butler No. CA2006-09-224, 2007-Ohio-4970, ¶ 12.

{¶ 9} While appellate review includes the responsibility to consider the credibility of witnesses and the weight given to the evidence, "these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence." *State v. Walker,* 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. Therefore, an appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances to correct a manifest miscarriage of justice, and only when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997).

{¶ 10} Wolf was convicted of assault in violation of R.C. 2903.13(A), which states, "no person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." Wolf argues that her conviction is against the manifest weight because the testimony from her sister-in-law established Wolf was not the aggressor and did not take any action to cause Little physical harm. Wolf also argues that any identification of her as the assailant is tainted by the fact the bar was crowded that night. However, the state presented evidence to establish that Wolf knowingly caused physical harm to Little.

{¶ 11} Little testified that she suffered injuries from being struck in the face with a beer glass on the night of the incident, and that Wolf was the one who hit her. Little also testified that she was able to positively identify Wolf because she "looked right at [Wolf]" on the night she was assaulted.

{¶ 12} At trial, the prosecution also presented the testimony of Lucas Tinch, Joseph Wesselman, and Jacob Hall, all of whom testified that Wolf struck Little in the face with the

beer glass. The witnesses were able to identify Wolf as the assailant, even though the bar was crowded. Moreover, and through cross-examination, the state was able to elicit testimony from Wolf's sister-in-law, who admitted that there was a scuffle between Wolf and Little on the night of the incident.

{¶ 13} Given the trial court's guilty verdict, it found the state's witnesses credible when they identified Wolf as the assailant. As the trial court was in the best position to judge the credibility of the witnesses, we will not question the trial court's specific finding that the identification of Wolf as the assailant was credible.

{¶ 14} The trial court did not lose its way or create a manifest miscarriage of injustice by finding Wolf guilty of assault. Therefore, Wolf's conviction is not against the manifest weight of the evidence, and her first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT VIOLATED MS. WOLF'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS WHEN IT ORDERED HER TO PAY RESTITUTION FOR AN UNSPECIFIED AMOUNT.

{¶ 17} Appellant argues in her second assignment of error that the trial court erred when it failed to order a specific amount of restitution.

{¶ 18} R.C. 2929.18(A)(1) "permits the trial court to order restitution 'to the victim of the offender's crime… in an amount based upon the victim's economic loss.'" *State v. Back*, 12th Dist. Butler No. CA2013-01-011. "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes * * * any property loss * * * incurred as a result of the commission of the offense." R.C. 2929.01(L). The amount of restitution ordered must bear a reasonable relationship to the victim's economic loss. *State v. Middleton*, Butler App. No. CA2005-11-499, 2006-Ohio-4558, ¶ 16. Prior to imposing a restitution order, a sentencing court must

determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence. *State v. Borders*, Clermont App. No. CA2004-12-101, 2005-Ohio-4339, ¶ 36, quoting *State v. Gears*, 135 Ohio App.3d 297, 300 (6th Dist.1999).

{¶ 19} After reviewing the record, the trial court failed to order a specific restitution amount as required by statute. The trial court ordered that Wolf "comply with all requirements of a presentence investigation to be conducted by the Probation Department of the Middletown Municipal Court." The state concedes in its appellate brief that this order does not comply with the requirements of R.C. 2929.18, as the order of restitution fails to establish the specific amount owed. We agree with the state and Wolf that the trial court is required by R.C. 2929.18(A)(1) to determine the specific amount of restitution to be paid by a defendant, and that the trial court's order of restitution is deficient in this respect. Therefore, we sustain the assignment of error as it relates to the order of restitution to Little.

{¶ 20} Wolf also argues the order of restitution must be reversed because of the trial court's failure to determine a specific amount of restitution. We disagree. In the instance where an order of restitution is made, but no definite sum is included in the order, the trial court is given an opportunity to clarify its order of restitution. *Clark,* Greene App. No. 97-CA-27; *Stevens,* Clinton App. No. CA98-01-001. Accordingly, Wolf's second assignment of error is sustained in part, and the matter is remanded to the trial court for the limited purpose of determining the specific amount to be ordered as restitution.

{¶ 21} Judgment is affirmed in part, reversed in part, and the matter is remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.