[Cite as *State v. Horton*, 2020-Ohio-533.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-05-070 |
| - vs - | : | O P I N I O N<br>2/18/2020 |
| | : | |
| ZANETA HORTON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-08-1319

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Zaneta Horton, appeals the trial court's restitution order. For the reasons detailed below, we affirm.

{¶ 2} Horton pled guilty to aggravated assault. Pursuant to the plea agreement, Horton agreed to pay any out of pocket medical expenses incurred by the victim. At sentencing, Horton was sentenced to a term of community control. The trial court also

awarded $7,434.19 in restitution to the victim. Horton now appeals, raising a single assignment of error for review:

{¶ 3} THE TRIAL COURT ERRED WHEN IT ORDERED MS. HORTON TO PAY A TOTAL OF $7,434.19.00 [sic] IN RESTITUTION

{¶ 4} In her sole assignment of error, Horton argues the trial court erred by ordering her to pay $7,434.19 in restitution, alleging the restitution amount was not supported by competent or credible evidence. We disagree.

{¶ 5} R.C. 2929.18(A)(1) allows a sentencing court to order restitution to the victim of the offender's crime in an amount based on the victim's economic loss. "Economic loss" is defined as any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any medical cost incurred as a result of the commission of the offense. R.C. 2929.01(L). The amount of restitution ordered must bear a reasonable relationship to the victim's economic loss. *State v. Middleton*, 12th Dist. Butler No. CA2005-11-499, 2006-Ohio-4558, ¶ 16. Prior to imposing a restitution order, a sentencing court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence. *State v. Christman*, 12th Dist. Preble Nos. CA2009-03-007 and CA2009-03-008, 2009-Ohio-6555, ¶ 9.

{¶ 6} In the present case, Horton expressly agreed in her written plea agreement to pay "restitution for any out of pocket medical expenses" incurred by the victim. Horton also agreed at the plea hearing that she would "pay any restitution owed resulting from any out of pocket medical expenses suffered by the victim." During sentencing, the victim described the injuries she sustained and the medical costs she incurred. The victim further explained that she did not have health insurance to cover her medical expenses. The state then presented copies of the victim's medical bills, including a receipt for prescription drugs for $19.19 and a

medical bill from the victim's doctor for $7,415.00.

{¶ 7} On appeal, Horton argues that the medical bill was sent to the victim approximately eight months prior to sentencing and fails to reflect any credits from an insurer or provider write-off. As a result, Horton maintains that "[d]ue to the age of the medical statement, the Court should have requested an updated statement reflecting the balance owed on the date of sentencing. An updated medical statement would have detailed [the victim's] actual loss."

{¶ 8} Following review, we find Horton's argument to be without merit. As noted above, Horton agreed to make restitution for the victim's medical payments and the state presented the medical bills that were proximately caused by Horton's actions. The trial court was under no obligation to request an "updated medical statement." In sum, the trial court's restitution order is appropriate, made to a reasonable degree of certainty, and supported by competent, credible evidence. Horton's sole assignment of error is overruled.

{¶ 9} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.